An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

COUNTY OF CLARK, NEVADA AND
MARK SCHOFIELD, IN HIS OFFICIAL
CAPACITY AS CLARK COUNTY
ASSESSOR,
Appellants,
vs.
LB PROPERTIES, INC., AN ILLINOIS
CORPORATION,
Respondent.

No. 57082

**FILED**

SEP 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a district court order setting aside the Nevada Tax Commission's decision upholding the County Assessor's assessment of subject property. First Judicial District Court, Carson City; Robert E. Rose, Senior Judge.

In 2005, the Legislature enacted NRS 361.4722, which governs tax abatements for remainder parcels. Subject to paragraph (5) of that statute, in 2007 the Nevada Tax Commission (NTC) promulgated NAC 361.61038, which sets forth a formula to calculate property values for remainder parcels for tax purposes. Both the regulation's method and the assessor's prior approach are complex, but they can be summarized for purposes of this order: The regulation's formula calculates taxable value by determining the percent of value the smaller parcel contributed to the larger parcel during the fiscal year, thus assigning a pro-rata share to the remainder parcel. The assessor's prior approach had been to determine taxable value by calculating what the property would have been worth had it existed as a separate piece of land during the relevant tax year, and included consideration of factors such as size, shape, topography, and the

13-26985

value of comparable parcels. Statements made at various times by the NTC suggest that the regulation may or may not have been intended to operate retroactively, but its later decision in this case suggests that the NTC did not intend retroactive application.

The parcel at issue, which is owned by respondent LB Properties, Inc., was divided from a larger piece of land prior to the regulation's enactment. The parties do not dispute that the land is a "remainder parcel." Appellant, the Clark County Assessor, valued the land under the multi-factored formula in use before the enactment of NAC 361.61038. Seeking application of the new formula, LB appealed to the NTC, which assigned an administrative law judge to the case. The administrative law judge decided that NAC 361.61038 should apply, but thereafter the NTC disagreed based on its position that the regulation did not apply retroactively. LB petitioned for judicial review and the district court ordered the NTC to follow the administrative law judge's decision.

On appeal to this court, the parties primarily dispute whether NAC 361.61038 applies retroactively and, if so, whether it conflicts with Nevada's Constitution and is void. Because the regulation does not apply retroactively, this court need not reach the challenge to its constitutionality.

Regulations generally only operate prospectively "unless an intent to apply them retroactively is clearly manifested." *State ex rel. State Bd. of Equalization v. Barta*, 124 Nev. 612, 622, 188 P.3d 1092, 1099 (2008). However, there are two types of regulations: legislative and interpretive. *Fmali Herb, Inc. v. Heckler*, 715 F.2d 1385, 1387 (9th Cir. 1983). Whereas legislative regulations implement statutory mandates, interpretative regulations simply interpret the statute. *Id.* If a regulation

SUPREME COURT
OF
NEVADA

(O) 1947A

is a first-time interpretive regulation, application to pre-existing issues may be permissible. *Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 744, n.3 (1996). For example, in *Smiley* the Supreme Court approved application of an interpretive regulation that clarified an ambiguity the Legislature left for the agency to resolve, namely the definition of "interest." *Smiley*, 517 U.S. at 740-41. *But see Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1152 (9th Cir. 2003) (holding that first-time interpretive regulations are not generally retroactive, but where the new regulation is an explicit break from prior practice or the agency has expressly stated application would be impermissibly retroactive, it may not be retroactively applied). Therefore, unlike legislative regulations, interpretive regulations construe, but do not expand upon, the terms of a statute.

Legislative regulations differ from interpretive regulations in that they are adopted under power delegated by the Legislature to the agency and establish substantive rules that create standards of conduct and impose new rights or duties; they do not generally apply retroactively. *See, e.g., Jerri's Ceramic Arts, Inc., v. Consumer Prod. Safety Comm'n*, 874 F.2d 205, 207 (4th Cir. 1989) ("a substantive or legislative rule, pursuant to properly delegated authority, has the force of law, and creates new law or imposes new rights or duties."); *Slippery Rock Area Sch. Dist. v. Unemployment Comp. Bd. of Review*, 983 A.2d 1231, 1236 (Pa. Ct. App. 2009) ("a legislative regulation establishes 'a substantive rule creating a controlling standard of conduct.'"); *see generally Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be

construed to have retroactive effect unless their language requires this result.").

Here, NAC 361.61038 was promulgated pursuant to the express direction of NRS 361.4722(5). It is, as LB concedes, a substantive rule that establishes a standard of conduct. Specifically, it establishes a method of assessing and valuing properties; it does not merely construe the meaning of the statute. Thus, NAC 361.61038 is legislative, not interpretive, and does not apply retroactively. Also, NAC 361.61038 represents an explicit break from the prior valuation method, as the prior method considered additional factors such as land size and shape and looked at the separate value of the individual piece, whereas NAC 361.61038 focuses on the remainder parcel's contribution to the value of the larger parcel. Moreover, NAC 361.61038 does not specifically provide for retroactive application, the NTC made inconsistent statements regarding retroactive application when promulgating the regulation, and the NTC later ruled against retroactive application in the underlying case. The district court therefore erred by ordering the NTC to follow the administrative law judge's decision and value the land according to the apportionment formula set forth in the regulation. Because NAC 361.61038 was enacted in 2007 and the valuation at issue occurred prior to that time, application of the regulation would be impermissibly retroactive.

In the absence of an applicable regulatory method of assessment, the question then becomes whether the method the assessor used was proper or whether it was itself in violation of Nevada law.

LB Properties argues that the assessor's use of the pre-2007 method violated the holdings in *Barta* and *State ex rel. State Board of*

*Equalization v. Bakst*, 122 Nev. 1403, 148 P.3d 717 (2006), because the assessor's method was an "ad hoc standard" rather than a method formally promulgated by the agency. The district court determined, without analysis, that the assessor's method of calculation was in violation of *Bakst*. We disagree, because the pre-2007 method does not inherently lend itself to inconsistent application.

*Bakst* and *Barta* dealt with the County Assessor's authority under NRS 361.260 to substantially deviate from statutorily-mandated methods of assessing land. *See Bakst*, 122 Nev. at 1414-15, 148 P.3d at 725; *Barta*, 124 Nev. at 620-21, 188 P.3d at 1098. In *Bakst*, the assessor used a unique method to adjust property values—one not consistent with others used throughout the state. 122 Nev. at 1406, 1411, 1414, 1416, 148 P.3d at 719, 722-23, 725-26. In deeming the assessor's methods unconstitutional, this court held that our Constitution requires "that the methods used for assessing taxes throughout the state must be uniform." *Id.* at 1413, 148 P.3d at 724 (internal quotations omitted). *See also Barta*, 124 Nev. at 624, 188 P.3d at 1100 (citing *Bakst* and stating that "methods used to value taxpayers' properties play a material role in ensuring that the constitutional guarantee of a uniform and equal rate of assessment" exist in property valuations). But *Bakst* and *Barta* also recognize that the wide and varied differences in each property make it impossible to devise an absolute formula to determine value. *Bakst*, 122 Nev. at 1412, 148 P.3d at 723; *see also Barta* 124 Nev. at 622, 188 P.3d at 1099 (upholding *Bakst* generally). Moreover, NRS 361.228(3) encourages consideration of property attributes "such as zoning, location, water rights, view and geographic features" in valuing a property, suggesting that valuations should account for all relevant attributes—perhaps even where

consideration of a particular attribute is not codified by statute or regulation.

In contrast to *Bakst* and *Barta*, the record here supports the conclusion that the assessor's method did not lead to unequal taxation—to the contrary, both the administrative law judge and the NTC recognized that it likely led to more equitable taxation than did the method set forth in NAC 361.61038. Indeed, the assessor's method appears to be the one generally used prior to the regulation's enactment. Neither *Bakst* nor *Barta* states that *only* formal regulations may be used to assess value. Since the assessor's approach did not conflict with existing statute or practice, we therefore conclude that the assessor's methods did not violate the Constitution.

For these reasons, we

ORDER the judgment of the district court REVERSED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    Chief Judge, The First Judicial District Court
       Hon. Robert E. Rose, Senior Justice
       James Georgeson, Settlement Judge
       Attorney General/Carson City
       Clark County District Attorney/Civil Division
       Frazer Ryan Goldberg & Arnold LLP
       Lionel Sawyer & Collins/Reno
       Carson City Clerk